UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA DRISCOLL,<br> *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-2799 |
| FLOYD GIBBONS TRUCKING,<br> *Defendant*. | § § § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants' Motion for Partial Judgment on the Pleadings and Alternative Motion for Partial Summary Judgment.[1]  ECF 27.  Plaintiff filed a Response (ECF 31), to which Defendants replied.  ECF 32.  Plaintiff then filed, without leave of court, a surreply styled as a supplement addressing Defendants' arguments raised in reply.  ECF 33.   For the reasons discussed below, the Court RECOMMENDS that Defendants' Motion for Partial Summary Judgment be GRANTED.

### I.    Factual and Procedural Background.

This lawsuit arises out of a motor vehicle accident involving Plaintiff and a commercial truck being driven by Defendant Arnold Bauman in the course and scope of his employment with Defendant Floyd Gibbons Trucking ("FGT").  ECF

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 4.

1.[2] It is undisputed that Bauman ran a red light and crashed into the side of Plaintiff's car causing her to sustain injuries. ECF 1-2 at 9. Plaintiff has sued both Defendants for negligence and gross negligence. *Id.* at 9-10. Both Defendants move for dismissal of Plaintiff's gross negligence claims, either under Federal Rule of Civil Procedure 12(c), or alternatively, under Rule 56. ECF 27. Because the record includes evidence outside the pleadings and demonstrates that Defendants are entitled to summary judgment on the gross negligence claims, the Court addresses only the motion for summary judgment. [3]

## II.    Legal Standards.

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is

---

[2] Plaintiff filed an Original Petition in state court followed by a First Amended Original Petition. Defendant Floyd Gibbons Trucking then removed the case to this Court on the basis of diversity jurisdiction. Although the federal court docket sheet in this case identifies only Floyd Gibbons Trucking as a Defendant, both Plaintiff's Original Petition and First Amended Original Petition also identify Bauman as a Defendant.

[3] The record contains the following evidence submitted by Defendant: Texas Department of Transportation crash report (ECF 27-1); excerpts from Bauman's deposition (ECF 27-2); Bauman's Canadian driver's license (27-3); Bauman's training records (ECF 27-4); Bauman's post-accident drug and alcohol test results (ECF 27-5); and Plaintiff's responses to Defendants' interrogatories (ECF 27-6). Plaintiff's evidence includes her daughter's declaration stating the speed limit on the road was 50-mph and the complete transcript of Bauman's deposition. ECF 30 at 8-71.

"genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III.    Analysis.

Texas law applies in this diversity case.  *See, e.g.*, ECF 27; ECF 31.  *See also Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000) (applying state law in diversity cases).

### A. Defendant FGT is entitled to summary judgment.

"[T]he mere fact that an employee of a corporation committed negligence or gross negligence, without more, is simply not a basis under the law for holding a corporation liable for gross negligence." *Reed v. Vance*, No. 02-15-00122-CV, 2015 WL 5770621, at *5 (Tex. App.—Fort Worth Oct. 1, 2015) (no pet.).  "A corporation may not be held liable for punitive damages for gross negligence unless the corporation itself (1) commits gross negligence, (2) authorized or ratified an agent's gross negligence, (3) was grossly negligent in hiring an unfit agent, or (4) committed gross negligence through the actions or inactions of a vice-principal." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016).

Plaintiff's live pleading does not even hint at a theory of liability for FGT other than respondeat superior.  ECF 1-2 at 9-10 ("acting within the course and scope of his employment"; "plaintiff seeks exemplary damages for *defendant's* gross negligence" [emphasis added]).  Therefore, Plaintiff's claim of gross negligence against FGT fails as a matter of law.

Even if Plaintiff had alleged negligent entrustment, ratification of negligent acts, negligent hiring, or a direct gross negligence claim against FGT, no factual allegation or evidence in the record supports such a claim. None of the facts alleged concern acts or omissions committed by FGT itself, and there is no indication Bauman is a vice principal or other officer of FGT. It is undisputed that Bauman was fully trained and licensed, not under the influence of alcohol or drugs, and had not received a traffic citation prior to this accident. *See* ECF 30 at 32-33; ECF 27-3; ECF 27-4; ECF 27-5. Consequently, Plaintiff has not alleged and cannot demonstrate a fact issue on a negligent hiring or entrustment claim that could support a gross negligence claim against FGT.

### B. Defendant Bauman is entitled to summary judgment on the gross negligence claim.

To recover for gross negligence in Texas, a plaintiff must not only prove ordinary negligence but also must establish gross negligence by *clear and convincing* evidence. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008). The bar for gross negligence is high and requires far more than "the type of conduct that commonly causes run-of-the-mill collisions on Texas roadways." *Drake v. Crete Carrier Corp.*, No. 4:23-CV-01021-BD, 2026 WL 21361, at \*5 (E.D. Tex. Jan. 5, 2026) (granting summary judgment and dismissing gross negligence claim where plaintiff asserted defendant tried to pass his vehicle without sufficient space); *see also Phillips*, 189 F. Supp. 3d at 656 (explaining that

5

"failure to obey traffic laws . . . will not support a finding of gross negligence"). "[G]ross negligence can never be the result of momentary thoughtlessness, inadvertence, or error of judgment." *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993) (cleaned up). "What lifts ordinary negligence into gross negligence is the mental attitude of the defendant; that is what justifies the penal nature of the imposition of exemplary damages." *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex. 1981). Texas courts have repeatedly stressed the need to maintain this difference: "The objective gross-negligence standard must remain functionally distinguishable from ordinary negligence." *Medina v. Zuniga*, 593 S.W.3d 238, 249 (Tex. 2019) (explaining that no evidence supported jury's finding of gross negligence because plaintiff's collision with pedestrian, after failing to stop at an intersection while driving at excessive speed, did not demonstrate the "extreme degree of risk" needed to prove gross negligence).

Proof of gross negligence requires both an objective *and* a subjective element. The objective prong requires that the alleged grossly negligent conduct "involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others." TEX. PRAC. REM. CODE § 41.001(11)(A). The subjective prong of a gross negligence claim requires that the defendant "has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others." TEX. PRAC. REM. CODE §

6

41.001(11)(B).   Stated differently, "[t]he subjective prong . . . requires that the defendant knew about the risk, but . . . [his] acts or omissions demonstrated indifference to the consequences of [his] acts." *Phillips*, 189 F. Supp. 3d at 654. "Risks are 'examined prospectively from the perspective of the actor, not in hindsight.'" *Robinson v. Melton Truck Lines, Inc.*, No. SA-20-CV-0269-JKP, 2022 WL 174520, at *3 (W.D. Tex. Jan. 18, 2022) (citing *Columbia Med. Ctr.*, 271 S.W.3d at 248).   The subjective prong can be shown by direct or circumstantial evidence. *Phillips*, 189 F. Supp. 3d at 654.

Here, Plaintiff cannot demonstrate by clear and convincing evidence that Bauman was aware of an extreme degree of risk and consciously chose to disregard it.  The direct evidence demonstrates Bauman believed (incorrectly) that the speed limit was 55mph and he was driving at or below 55mph. ECF 31 at 28-29.  The summary judgment evidence demonstrates that the speed limit was actually 50mph. ECF 30 at 8-9; ECF 27-1.  "However, a party cannot be liable for gross negligence when it actually and subjectively believes that circumstances pose no risk to the injured party, even if they are wrong."  *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 141 (Tex. 2012); *see also Rayner v. Claxton*, 659 S.W.3d 223, 261–62 (Tex. App.—El Paso 2022) (no pet.) (reversing jury's finding of gross negligence and rendering judgment for plaintiff because the evidence was legally insufficient to

meet subjective prong where truck driver mistakenly believed he was on the correct route for his oversize load).

The circumstantial evidence also fails to provide clear and convincing evidence that Bauman was aware of the risk his conduct presented but chose to consciously disregard that risk. The weather conditions on the date of the accident were clear (*see* ECF 30 at 31; 27-1 at 4), so Defendant would not have known additional care was needed with respect to the speed at which he was traveling. In addition, even assuming Bauman was looking at the dash-mounted phone for GPS directions just before the accident, his conduct does not evidence conscious indifference. For example, in *Richard v. Wiatt*, the court affirmed the trial court's directed verdict dismissing Plaintiff's gross negligence claim, explaining that defendant's glancing at his phone for directions was insufficient to demonstrate, that prior to the accident, he had actual subjective awareness that his conduct made serious injury likely. *Richard v. Wiatt*, No. 14-22-00236-CV, 2023 WL 3071161, at *6 (Tex. App.—Houston [14th Dist.] Apr. 25, 2023) (no pet.). Further, a Texas Appellate court reversed a finding of gross negligence where the driver was speeding and following too close in wet conditions and hit the car in front of him. The appellate court held those facts failed to satisfy the subjective prong of gross negligence because "failure to pursue the safest course available or to comply with traffic laws does not give rise to conscious indifference." *Oney v. Crist,* 517 S.W.3d

8

882, 894 (Tex. App.—Tyler 2017), *review granted, judgment vacated, and remanded by agreement,* No. 17-0317, 2018 WL 11483411 (Tex. Apr. 27, 2018). In *Williams v. Crawford*, a Texas Appellate court reversed a gross negligence finding and rendered judgment in favor of a heavy armored truck driver who rear-ended another vehicle that was stopped at a red light. No. 03-16-00696-CV, 2018 WL 1124306, at *1 (Tex. App.—Austin Mar. 2, 2018) (no pet.). The *Williams* court concluded the defendant's conduct, eating while driving in the rain and looking away from the road as he approached an intersection, was legally insufficient to meet the gross negligence standard. *Id.* at *15. Similarly, in *Matbon v. Gries*, the Appellate Court reversed a finding of gross negligence where a driver caused his semitruck to cross the centerline into the oncoming lane because he reached down to retrieve crackers from inside his truck cab. 288 S.W.3d 471, 477 (Tex. App.—Eastland 2009) (no pet.). The court found that there was "no direct or circumstantial evidence that [the driver] had awareness of the extreme risk created by his conduct to satisfy the subjective element. *Id.* at 489. Therefore, the mere fact that Bauman was inadvertently speeding while driving a "heavy" truck, had a GPS mounted to his dashboard at the time of the crash (ECF 30 at 48-49), and may have been looking at

it,[4] does not provide sufficient circumstantial evidence of Bauman's subjective awareness of an extreme degree of risk.

Considering the allegations and the evidence in the light most favorable to the Plaintiff, the Court finds a reasonable jury could not find by clear and convincing evidence that Baumann had actual subjective awareness of the risk and consciously disregarded the health, safety, and welfare of others.  Because the Court finds Plaintiff cannot meet the required subjective prong of her gross negligence claim against Bauman, he is entitled to partial summary judgment dismissing the gross negligence claim.

## IV.   Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion for Partial Summary Judgment be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

---

[4] Despite Plaintiff's mischaracterization of Plaintiff's deposition testimony, there is no direct evidence Bauman was looking at his phone at the time of the crash.  ECF 30 at 2-6, 48-49.

10

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.


Signed on March 16, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge